**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-00471-RMR

JORGE ALBERTO LEMUS RIVERA,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Center, Aurora, Colorado;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security;
PAMELA BONDI, U.S. Attorney General; and
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement;

     Respondents.

---

### ORDER

---

Pending before the Court is Petitioner Jorge Alberto Lemus Rivera's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. Respondents filed a Response to the Petition, ECF No. 7. For the reasons stated below, the Petition, ECF No. 1, is GRANTED.

Petitioner is a 44-year-old citizen of Honduras. ECF No. 1 ¶ 33. He entered the United States without inspection on July 19, 2019 along with his three-year-old daughter. *Id.* Upon entry, Petitioner and his daughter were apprehended by Customs and Border Protection ("CBP") agents but were released on their own recognizance within a matter of hours. *Id.* Petitioner and his daughter were issued Notices to Appear ("NTA") charging documents, but they were never filed. *Id.* Petitioner and his daughter were never placed

in removal proceedings. *Id.* Petitioner now has two U.S. citizen children, aged three and two years old. *Id.* In 2020, Petitioner applied for a U nonimmigrant visa as the derivative family member of his daughter. *Id.* ¶ 34. His application has been pending with USCIS since April 2025. *Id.* In late 2025, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers during a traffic stop. *Id.* ¶ 35. He was transferred to and remains in detention in Aurora, Colorado. *Id.* Petitioner is now in removal proceedings before the Aurora Immigration Court and has already been denied release on bond after the Aurora court determined it did not have jurisdiction to grant bond. *Id.*

Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at 11-14, seeking a bond hearing or immediate release, *see generally id.*[1] This request for relief, and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests that the Court issue a writ of habeas corpus requiring Respondents to release Petitioner from ICE detention immediately. ECF No. 1 at 15. As Respondents acknowledge, the issue presented here is "not materially different from an issue this Court has resolved in a prior ruling in another case," ECF No. 7 at 1 (citing *Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025)), and the facts Petitioner presents are "not materially distinguishable from that

---

[1] In his petition, Petitioner seeks enforcement of his rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). Petitioner has not convinced this Court that it is bound by the judgment in *Maldonado Bautista.* However, any potential class membership does not affect the Court's ability to adjudicate the instant petition, given the Court's determination that relief here is governed by § 1226.

case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)," *id.* at 3.

Indeed, like in *Mendoza Gutierrez*, Petitioner resided in the United States for several years before ICE detained him. ECF No. 1 ¶ 33. And, also like in *Mendoza Gutierrez*, Petitioner is being held in civil immigration detention and denied the opportunity for a bond hearing based on the government's assertion that, despite his long-term residence in the United States, Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2). *See* ECF No. 7 at 2. As Respondents anticipate in their response brief, these similarities are sufficient to "lead the Court to reach the same result here" as it did in *Mendoza Gutierrez*. *Id.* at 3. The Court thus adopts that reasoning in full here, *see Mendoza Gutierrez*, 2025 WL 2962908, at *5-9 (analyzing the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years"), and once more joins the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[2]

---

[2] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025);

Because Petitioner is improperly detained under § 1225, the Court agrees with Petitioner that he is entitled to immediate release, *see generally Mendoza Gutierrez*, 2025 WL 2962908, at *14. Consistent with the above analysis, it is **ORDERED** that Respondents shall release Petitioner from custody immediately, but no later than within 48 hours of this Order, and may not impose any additional conditions of release or supervision beyond those he was subject to immediately prior to his recent detention. Respondents **SHALL FILE** a status report within TWO DAYS of this Order to certify compliance. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.[3]

---

*Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

[3] As this Court has previously found, the Fifth Amendment's procedural due process protections require that the government bear the burden of proof at 8 U.S.C. § 1226(a) bond hearings. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024). As Respondents put forth no argument regarding which party should bear the burden of proof in their response, any such argument is waived. *See, e.g.*, *C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court properly dismissed an argument as "abandoned" where the party failed to include that argument in response to arguments raised in a motion to dismiss).

DATED: March 11, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge